IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

_____

MINX, INC., a California corporation,    )
    )
        Plaintiff,    )    Case No. 2:11-MC-00895-BSJ
    )
vs.    )    **<u>MEMORANDUM OPINION AND</u>**
    )    **<u>ORDER</u>**
BRANDON WEST et al.,    )
    )
        Defendants.    )
    )
    )
    )
    )

| |
|---|
| **FILED** |
| CLERK, U.S. DISTRICT COURT |
| November 21, 2011 (2:37pm) |
| DISTRICT OF UTAH |

_____

## I. INTRODUCTION

On November 9, 2011, the above-entitled matter came on for hearing on Defendant,

Brandon West's motion to quash subpoena (dkt. no. 1) and Minx, Inc.'s ("Plaintiff") motion to

compel compliance of subpoena (dkt. no. 9). Rebecca S. Roberts appeared on behalf of Plaintiff

and Brandon West and Nickole Orton appeared on their own behalf. The matter was argued to

the Court, at which time the Court granted the motion to quash, denied Plaintiff's motion to

compel, and also quashed the subpoenas issued as to Defendants Orton and SheeKee, LLC.

## II. FACTS AND PROCEDURAL POSTURE

This matter arises out of a patent infringement case that is currently pending before the

U.S. District Court for the Southern District of California. <u>Minx, Inc. v. SheeKee, LLC</u>, No.

3:11-cv-01352-AJB-NLS (S.D. Cal. filed June 17, 2011). In that case, Defendants West, Orton

and SheeKee, LLC ("Defendants") failed to timely file an answer or other responsive pleading.

Accordingly, upon the Plaintiff's requests, the clerk for the Southern District of California

entered default against the Defendants, each of whom are Utah residents.

Prior to seeking a default judgment against each defendant, and in an effort to prove damages via discovery, Plaintiff's counsel issued a subpoena to SheeKee, LLC on August 18, 2011. Subpoenas were also issued to Defendants Nickole Orton and Brandon West on September 9, 2011. Each of the subpoenas commanded the parties to produce certain documents, electronically stored information and/or objects—enumerated in a sixty-eight paragraph list—at a designated location. Pursuant to the subpoenas, SheeKee, LLC was supposed to produce the requested items by September 9, 2011, at 10:00 a.m., whereas Defendants Orton and West were supposed to produce the requested items by September 26, 2011, at 10:00 a.m.

In response, Defendant West filed a Motion to Quash Subpoena on September 23, 2011 (dkt. no. 1). On October 7, 2011, Plaintiff filed the following two pleadings: [1] Memorandum in Opposition to Brandon West's Motion to Quash Subpoena (dkt. no. 8); and [2] Motion for Order Finding Defaulted Defendants SheeKee and Orton in Contempt for Failure to Respond to Subpoenas, Ordering Immediate Compliance and Sanctions (dkt. no. 9).

### III. ANALYSIS

The issue before the Court is whether the subpoenas were properly issued.

"A party may serve on any other *party* a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding *party's* possession, custody or control." Fed. R. Civ. P. 34(a)(1) (emphasis added). However, in instances where the responding entity is a *nonparty*, Fed. R. Civ. P. 34(c) states that the nonparty may be compelled to produce documents and tangible things as provided in Fed. R. Civ. P. 45 (governing subpoenas).

If the responding entities are nonparties, then Rule 45 requires the subpoena for

production or inspection to issue from the court for the district where the production or inspection is to be made—in this instance, the U.S. District Court for the District of Utah. Fed. R. Civ. P. 45(a)(2)(C).

Here, rather than seeking discovery of documents and tangible things from the Defendants in the Southern District of California pursuant to Fed. R. Civ. P. 34, Plaintiff's counsel issued subpoenas to Defendants. Because subpoenas can only issue as to nonparties, the Court must determine whether Defendants are parties or nonparties.

Plaintiff cites Blazek v. Capital Recovery Assocs., Inc., 222 F.R.D. 360, 361 (E.D. Wis. 2004), to support the proposition that the defaulted Defendants should be considered nonparties for the purposes of Rules 34 and 45. The court in Blazek held that a defaulted defendant should be considered a nonparty because

> a default[ed] defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint. . . . a [defaulted] defendant can reasonably be regarded as having given up most of the benefits that status as a party confers.

Id. (citation omitted).

This Court respectfully disagrees, and holds that a party should still be considered a party, even after entry of default. As the Blazek court also noted, the plain language of Fed. R. Civ. P. 55 (governing default judgments) refers to the defaulting party as a *party*. Blazek, 222 F.R.D. at 361. Given the lack of guidance in this area, Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1159 (9th Cir. 2010), it only seems appropriate to follow the plain language of the federal rules, which clearly refers to a defaulted party as a *party*. It does not follow that a defaulted defendant's status should be transmuted to that of nonparty simply because the rules

place restrictions on the rights of a defaulted party (e.g., ability to answer a complaint).

Further, a party in default may still litigate the issue of unliquidated damages *as a party*. See Fed. R. Civ. P. 55(b)(2) (allowing the Court to conduct hearings to enter or effectuate judgment); see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998) ("When a *defendant* contests the amount of the claim, a full hearing may be required on the issue of damages, since a default does not concede the amount demanded. This proceeding is the same as any other trial except that it is limited to the question of damages." (emphasis added) (footnote omitted)). Treating a defaulted defendant as a nonparty would prevent the same from engaging in discovery under Fed. R. Civ. P. 26–37 to litigate the issue of unliquidated damages while Plaintiff proceeds with the same discovery under Fed. R. Civ. P. 45.

Also, it is nonsensical for a defaulted party to be considered a nonparty. Such treatment of a defaulted party would prevent the party seeking judgment from recovering the same because a default cannot be entered against a nonparty. See Fed. R. Civ. P. 55(a) ("the clerk must enter the *party's* default" (emphasis added)); see also 10 James Wm. Moore et al., Moore's Federal Practice § 55.11[1] (3d ed. 2011) ("Default under Rule 55 applies only to defending parties."). Plaintiff suggests that Defendants should be considered nonparties only for the purposes of post-default discovery. However, the plain language of the rules does not seem to contemplate Plaintiff's suggested treatment.

## IV. CONCLUSION

In light of the improvident issuance of the foregoing subpoenas, **IT IS ORDERED** that Defendant West's Motion to Quash Subpoena is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Court hereby **QUASHES** the subpoenas issued

as to Defendants Orton and SheeKee, LLC; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Finding Defaulted

Defendants SheeKee and Orton in Contempt for Failure to Respond to Subpoenas, Ordering

Immediate Compliance and Sanctions is hereby **DENIED**.

**IT IS SO ORDERED**.

DATED this _21_<sup>st</sup> day of November, 2011.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge